Huba v Ali (2025 NY Slip Op 50008(U))

[*1]

Huba v Ali

2025 NY Slip Op 50008(U)

Decided on January 8, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Civil Court of the City of New York, New York County

John Huba, Claimant,

against
Noreen Ali, Defendant.

Index No. SC-016134-21/NY

John Huba, self-represented claimant
Ragues, PLLC (Raymond Ragues, of counsel), of Kingston. NY, for defendant

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations
Memoranda of Law
Other
Upon the foregoing cited papers, defendant's motion to change venue to Ulster County is denied for the reasons set forth below.
Background
Claimant commenced this small claims action on or about February 18, 2021, alleging a breach of contract. (Statement of Claim, at 1). On April 11, 2023, the parties appeared as scheduled for trial, at which time the Court (Gray, J.) held an extensive pre-trial conference at which defendant objected to venue based upon lack of residency in New York City, which the Court declined on the record and directed defendant to answer the claim by July 12, 2023. There is no record of defendant filing an answer by that time, and defendant did not appear on a scheduled conference on November 21, 2023, at which time the Court (Gray, J.) found defendant in default and adjourned this action for inquest. In the interim, on or about January 4, 2024, defendant filed a counterclaim, similarly alleging a breach of contract. (Counterclaim, at 1). The parties' dispute apparently concerns a home rental in Ulster County, and the parties seemingly do not dispute from their papers that their respective causes of action arose in Ulster County.
The parties appeared as scheduled on April 5, 2024, at which time defendant (now represented by counsel) objected to venue again, and the Court (Li, J.) granted defendant leave to file a motion to dismiss for improper venue on or before August 1, 2024. Defendant served and filed in this motion — seeking change of venue rather than outright dismissal — and claimant [*2]opposes.
Discussion
To the extent that defendant's motion is properly before the Court, procedural and substantive issues would preclude changing venue. As a threshold matter, "the Court notes the strong disfavor for pre-trial motions to dismiss small claims actions, as the informality and convenience of small claims practice is necessarily frustrated by requiring pro se litigants to respond to formal motion practice under the CPLR prior to the hearing of their case." Bogom-Shanon v. Altman, 2024 NY Slip Op 24323, *1 (Civ. Ct., New York Co. 2024) (quotations and citations omitted). However, this motion does not actually seek dismissal, the Court "should entertain motion practice if it presents a clear issue of law," and there is some support for the proposition that allegedly improper venue is the type of pre-trial motion which may be appropriate. Ivanov v. O'Connor, 84 Misc 3d 1202(A), *1 (Civ. Ct., New York Co. 2024) (quotation and citation omitted); see also, Gerald Lebovits et al., Small Claims Manual (7th ed. 2025), at 39-40 (discussing venue). That said, as this is a small claims action and there are no countywide courts with small claims jurisdiction in Ulster County, defendant's proposed venue would truly lie at the city, town, or village level pursuant to the Uniform City Court Act or the Uniform Justice Court Act, which defendant's papers do not actually state. Defendant also seeks a venue change based upon alleged inconvenience while simultaneously asserting a facially basic counterclaim apparently arising from the same agreement, which is questionable. 
There is also a substantial question whether, as claimant suggests, the Court (Gray, J.) already considered and determined defendant's venue objection in April 2023. (Aff. in Opp., ¶ 1). By that measure, defendant's present motion actually sounds in reargument, which defendant (now represented by counsel) does not seek in conformance with CPLR 2221(d)(1). Any one of those issues would be problematic, and their collective effect is substantial. Putting even those hurdles aside though, appellate (albeit not binding) authority persuasively indicates that claimant's selection of any county with jurisdiction will defeat a motion for improper venue in a small claims action. See, Collens v. Sayegh, 64 Misc 3d 145(A), *2 (App. Term, 2d Dept. 2019) (affirming denial of change of venue). Absent a statutory requirement to change venue though, the Court is also mindful that the extended litigation inherent in a change of venue is contrary to the spirit of the small claims process as a "simple, efficient, and fair means of resolving small-scale disputes among the people of this State." Small Claims Manual, at 7. On that totality of issues, defendant's motion to change venue would be denied.
That said, defendant's assertion that they do not work or reside in New York City raises a question of subject matter jurisdiction though, which is unwaivable and may be raised at any time. See, Ivanov, at *2; and In House Grp. Inc v. Maleque, Index No. CC-60040-23/NY, 2024 NY Misc. LEXIS 2329, *2 (Civ. Ct., New York Co. Mar. 25, 2024). Even assuming that defendant "had no business presence in NYC related to this matter," as alleged though, defendant also admitted to having worked at an address on East 50th Street in Manhattan (where the summons in this action was mailed) between September 2020 and June 2021. (Aff. of Defendant dated Jan. 4, 2024, at 1). As such, the Court had subject matter jurisdiction over defendant in February 2021 when this action was commenced. Cf., In House Grp. Inc., supra. That this particular action may have arisen in Ulster County is immaterial, as the sole question for subject matter jurisdiction as defined by CCA § 1801 is whether claimant has asserted "any cause of action for money only not in excess of ten thousand dollars exclusive of interest and costs . . . in which the amount in dispute does not exceed ten thousand dollars, provided that the [*3]defendant either resides, or has an office for the transaction of business or a regular employment within the city of New York." Claimant has done so, the Court accordingly has jurisdiction to hear it, and this action should proceed to trial. To the extent that defendant's motion could also be read as challenging the Court's subject matter jurisdiction, that would also be denied.
Conclusion
To extent defendant's motion is properly before the Court, defendant has not established a basis to disturb claimant's choice of venue, and the public interests inherent to the small claims process favor a prompt trial in New York County. Accordingly, it is
ORDERED that defendant's motion to change venue is denied; and it is further
ORDERED that this action is adjourned for trial (or, on consent, arbitration), on April 23, 2025, at 9:30 a.m.
This constitutes the Decision and Order of the Court.
Date: January 8, 2025
Hon. Jeffrey S. Zellan, J.C.C.